Ahren A. Tiller, Esq. (SBN: 250608)
ahren.tiller@blc-sd.com
Brett F. Bodie, Esq. (SBN: 264452)
brett.bodie@blc-sd.com
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
RUTH SIMMONS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RUTH SIMMONS

Plaintiff,

vs.

CAPITAL ONE, N.A.

Defendant,

Case No.: 3:26-cv-03333-TWR-DDL

**JOINT MOTION TO STAY ACTION PENDING FINAL RESOLUTION OF THE CLASS ACTION SETTLEMENT IN MARQUEZ, ET AL. v. CAPITAL ONE BANK, USA N.A., ET AL., CASE NO. 3:22-CV-01591-GPC-MMP**

Hon. Todd W. Robinson

## <u>JOINT MOTION TO STAY ACTION</u>

Plaintiff RUTH SIMMONS ("Plaintiff") and Defendant CAPITAL ONE, N.A. ("Capital One") (collectively, the "Parties"), by and through their respective counsel of record, hereby jointly move the Court to stay this action, including all deadlines and Capital One's deadline to respond to the Complaint, pending final resolution of the class action settlement reached in *Marquez, et al. v. Capital One Bank, USA N.A., et*

*al.*, Case No. 3:22-cv-01591-GPC-MMP (S.D. Cal.) ("*Marquez*"). In support of this Joint Motion, the Parties stipulate as follows:

## I.

## RECITALS

**WHEREAS,** on May 30, 2026, Plaintiff filed her Complaint for Damages in this action, asserting a First Cause of Action for violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.14(c), and a Second Cause of Action for negligent and/or willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) (ECF No. 1);

**WHEREAS,** Plaintiff alleges that, after her counsel sent Capital One a cease-and-desist letter dated January 12, 2026, revoking consent to be called and advising that Plaintiff was represented by counsel with respect to the subject account, Capital One placed more than fifty (50) collection calls to Plaintiff's cellular telephone, including calls placed with an artificial or prerecorded voice (ECF No. 1);

**WHEREAS,** Capital One was served with the Complaint on June 10, 2026, and the Court has twice extended Capital One's deadline to respond to the Complaint, most recently to August 28, 2026 (ECF Nos. 3–6);

**WHEREAS,** *Marquez* is a putative class action pending before the Honorable Gonzalo P. Curiel in this District. Aileen Marquez filed her original individual complaint in the Superior Court of California, County of San Diego, on July 8, 2021; she filed a First Amended Complaint on September 21, 2022, adding claims under the TCPA together with class allegations; Defendants removed the action to this Court in October 2022; and the operative Second Amended Complaint, which added Maria Diana De La Rosa and Jorge A. Rodriguez as named plaintiffs, was filed on April 6, 2023 (*Marquez*, ECF Nos. 1, 18, 19);

**WHEREAS,** the *Marquez* plaintiffs assert the same two statutory claims at issue in this action, violation of Cal. Civ. Code § 1788.14(c) and violation of 47 U.S.C. §

227(b), against Capital One, arising from the same alleged practice: placing debt-collection calls to consumers' cellular telephones using an artificial or prerecorded voice after the consumer, directly or through counsel, gave written notice of representation and revoked consent (*Marquez*, ECF No. 19);

**WHEREAS,** the *Marquez* Second Amended Complaint seeks certification of a nationwide TCPA class defined as "[a]ll persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint," and a California RFDCPA sub-class defined as "[a]ll persons within California who, directly or through a representative, sent notice in writing to Defendant/s that they were represented by counsel and subsequently received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone, for the purpose of collecting or attempting to collect an alleged debt, within the one year prior to the filing of the Complaint" (*Marquez*, ECF No. 19 at 16);

**WHEREAS,** on June 12, 2023, the *Marquez* court granted Capital One's motion to stay that action under the first-to-file rule in deference to an earlier-filed putative class action asserting overlapping TCPA claims against Capital One, *Fiorarancio v. Capital One Bank (USA), N.A.*, No. 3:21-cv-15775-GC-RLS (D.N.J.), reasoning that "the common questions of law and fact will be so overwhelmingly similar between the two actions" that a stay was warranted, and directing the parties to file a joint status report every 120 days (*Marquez*, ECF No. 30 at 7);

**WHEREAS,** on May 28, 2025, the Parties jointly filed a status report requesting that the stay be lifted, and on June 2, 2025, the court lifted the stay and the *Marquez* action proceeded (*Marquez*, ECF Nos. 38, 39);

**WHEREAS,** the *Marquez* parties thereafter attended three days of private mediation before Bruce Friedman, Esq. of JAMS, on February 4, 2026, March 6, 2026, and April 22, 2026 (*Marquez*, ECF No. 75);

**WHEREAS,** on May 1, 2026, the *Marquez* parties filed a Joint Status Report and Notice of Settlement advising the court that they had reached a class action settlement in principle (*Marquez*, ECF No. 73);

**WHEREAS,** on May 4, 2026, the *Marquez* court vacated the scheduling order dates and deadlines and set a deadline for the plaintiffs to move for preliminary approval of the class action settlement, and on July 28, 2026, the court extended that deadline through and including October 2, 2026, to permit the parties to finalize a longform settlement agreement and complete confirmatory discovery (*Marquez*, ECF Nos. 74–76);

**WHEREAS,** the Parties have met and conferred and agree that Plaintiff's claims in this action are substantially similar to, and are encompassed within, the claims asserted on behalf of the putative classes in *Marquez*, and that Plaintiff is a putative member of the settlement class in *Marquez*;

**WHEREAS,** if the *Marquez* settlement is preliminarily and finally approved and Plaintiff does not timely exclude herself from the settlement class, the claims asserted in this action would be resolved and released in whole or in substantial part, and the litigation of those same claims in this action in the interim would be duplicative;

**WHEREAS,** this action is at its earliest stage: Capital One has not yet responded to the Complaint, no conference has been held under Federal Rule of Civil Procedure 26(f), no scheduling order has issued, no discovery has been propounded, and no trial date has been set;

**WHEREAS,** the Parties agree that a stay of this action pending final resolution of the *Marquez* settlement will conserve the resources of the Court and the Parties, avoid duplicative litigation and the risk of inconsistent rulings on the same statutory theories within the same District, and will not prejudice any Party; and

**WHEREAS,** the Parties jointly represent that this Joint Motion is made for a proper purpose and not for purposes of delay or to prejudice any Party, and that good cause exists to grant it.

## II.

## GOOD CAUSE EXISTS TO STAY THIS ACTION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this Circuit, the competing interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Each consideration favors a stay here.

No Party will be damaged by a stay. Both Parties join in this request, so there is no "fair possibility that the stay … will work damage to some one else." *Landis*, 299 U.S. at 255. This action is in its infancy, no evidence is at risk of loss, and the relief Plaintiff seeks is statutory and actual damages together with injunctive relief. A stay will delay, not defeat, that relief. *See CMAX*, 300 F.2d at 268–69 (holding that a delay in the recovery of money damages did not amount to a strong showing of irreparable harm).

Requiring the Parties to go forward would impose real hardship. Absent a stay, Capital One must answer or otherwise respond to a Complaint asserting claims that the *Marquez* settlement may release, and both Parties would incur the cost of pleading practice, Rule 26 disclosures, written discovery, and depositions on claims that the *Marquez* approval process now underway may resolve in their entirety.

The orderly course of justice also strongly favors a stay. *Marquez* has been litigated since 2021, has proceeded through discovery and three days of private mediation, and has produced a class settlement in principle involving the same

defendant, the same two statutes, and the same alleged course of conduct at issue here. The motion for preliminary approval is due October 2, 2026. Permitting that process to run its course before this individual action proceeds will simplify—and may eliminate—the issues, proof, and questions of law presented here. The *Marquez* court applied the same logic when it stayed *Marquez* itself in deference to an overlapping, earlier-filed class action. *See Marquez*, ECF No. 30 at 7.

Finally, the stay requested is moderate and defined in its inception. *See Landis*, 299 U.S. at 257 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."). The Parties do not seek an open-ended stay. They seek a stay tied to a discrete, identifiable event - the final resolution of the *Marquez* settlement approval process. Further, the Parties propose to keep the Court apprised through periodic joint status reports, as the *Marquez* court itself required when it stayed that action. *See Marquez*, ECF No. 30 at 7.

## III.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the Parties, through their respective counsel of record, and subject to the approval of the Court, as follows:

1. This action, including all proceedings, deadlines, and discovery, is STAYED pending final resolution of the class action settlement in *Marquez, et al. v. Capital One Bank, USA N.A., et al.*, Case No. 3:22-cv-01591-GPC-MMP (S.D. Cal.);

2. Capital One's August 28, 2026 deadline to respond to the Complaint is VACATED. Capital One shall file its response to the Complaint within thirty (30) days after the date on which the stay is lifted;

3. The Parties shall file a joint status report within one hundred twenty (120) days of the date of the order granting this Joint Motion, and every one hundred twenty

(120) days thereafter, apprising the Court of the status of the *Marquez* settlement approval proceedings; and

4. The Parties shall file a joint status report within fourteen (14) days after the earlier of (a) the entry of a final approval order and judgment in *Marquez* that has become final and non-appealable, or (b) the denial of preliminary or final approval, the termination of the *Marquez* settlement, or any other event that renders the *Marquez* settlement ineffective. In that joint status report, the Parties shall advise the Court whether the stay should be lifted and shall propose a schedule for further proceedings in this action.

**IT IS SO STIPULATED.**

DATED: August 28, 2026

**BLC LAW CENTER, APC**

By: /s/ Ahren A. Tiller
ahren.tiller@blc-sd.com
Ahren A. Tiller, Esq.
Attorneys for Plaintiff,
RUTH SIMMONS

DATED: August 28, 2026

**DOLL AMIR & ELEY LLP**

By: /s/ Amy I. Borlund
aborlund@dollamir.com
Amy I. Borlund
Attorneys for Defendant,
CAPITAL ONE, N.A.

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Amy I. Borlund, counsel for Defendant Capital One, N.A., and that I have obtained Ms. Borlund's authorization to affix her electronic signature to this document.

DATED: August 28, 2026 **BLC LAW CENTER, APC**

By: /s/ Ahren A. Tiller
ahren.tiller@blc-sd.com
Ahren A. Tiller, Esq.
Attorneys for Plaintiff,
RUTH SIMMONS